based on the above circumstantial evidence. *Id.*

The evidence before us does not come close to measuring up to the extent of evidence provided in *Georgescu.* Neither respondent, nor her family, nor anyone else saw anything on the parking lot which could have caused respondent's fall. Also, as discussed above, no reasonable inference can be drawn from the photographs. As such, .we agree with appellant and find that respondent failed to make a submissible case of premises liability.

Based on the foregoing, we reverse the judgment of the trial court.

## ORDER

PER CURIAM.

Appeal from decree of dissolution of marriage.

Affirmed. .Rule 84.16(b).

■

**Vincenza MITCHELL, Respondent,**

v.

**Leon MITCHELL, Appellant.**

**No. WD 46773.**

Missouri Court of Appeals,
Western District.

July 27, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 31, 1993.

Carl W. Bussey, Kansas City, for appellant.

Vincenza Mitchell, pro se.

Before BERREY, P.J., and
BRECKENRIDGE and HANNA, JJ.

■

**A & M BUILDING, INC., d/b/a
I–44 Lumber & Home Center,
Plaintiff–Respondent,**

v.

**Albert T. WILES and Mark Wiles, d/b/a
Wiles Construction, Defendants,**

**Walter E. Gutermuth and Lucy
Gutermuth, Defendants–
Appellants,**

**William G. Havin, d/b/a Havin Material
Service, Defendant–Respondent,**

**M. Spindler Carpet and Supply,
Inc., Intervenor–Defendant.**

**No. 18069.**

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 4, 1993.

